## MOYER *v.* STATE

[No. 219, September Term, 1960.]

*Decided April 12, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*William R. Buchanan* for the appellant.

*William J. McCarthy, Assistant Attorney General,* with
whom were *Thomas B. Finan, Attorney General, Frank H.
Newell, III, State's Attorney for Baltimore County,* and *Paul
J. Feeley, Assistant State's Attorney,* on the brief, for the ap-
pellee.

PER CURIAM.

The appellant (Albert R. Moyer) and a brother (Alton
Moyer), who did not appeal, were tried together and con-
victed by the Circuit Court for Baltimore County, sitting
without a jury, of armed robbery of a tavern. Several weeks
later, the appellant pled guilty in the same court to a charge
of breaking and entering a pharmacy. This appeal is from
the judgment imposed in each case.

The only contention with regard to the armed robbery
charge is that the trial court erred when it admitted the oral
confession of the appellant into evidence without first requir-
ing the State to show that the statement was the free and
voluntary act of the accused. The claim is without substance.
The record shows that after the State had concluded its proof
of the voluntary character of the statements the appellant
(and his brother) had given to the police, the appellant
categorically declined to offer any testimony in rebuttal. Nor
did he claim that the State had failed to establish the volun-
tary aspect of the statement when the court stated that the
"necessary background" had been laid and permitted further
interrogation of the police officers. Thus, it is apparent that

the failure to object or to offer testimony precludes a review of the question on this appeal. Maryland Rule 885. Moreover, the record is clear that such objections as were made by the appellant went, not to the admissibility of the confession as such, but to the use against him of the statements made by his brother and co-defendant. As to such statements, the record is clear that it was "understood that anything that Alton said out of the presence of Albert [was] not to be considered against Albert." There was therefore no reason why the court could not consider the statements in accordance with the stipulation along with other evidence produced at the trial.

With respect to the breaking and entering charge, the contention is that the trial court erred in accepting a plea of guilty. Obviously the claim is that even after a plea of guilty is entered, the State must prove the offense charged. Assuming that this question is properly before us, we observe that the firmly established rule of this Court is to the contrary. "Where a plea of guilty is properly entered, as it was here, evidence to prove guilt is not required." *Brown v. State,* 223 Md. 401, 404, 164 A. 2d 722 (1960).

*Judgments affirmed.*