## GRACZYK *v.* STATE

[No. 9, September Term, 1962.]

*Decided December 21, 1962.*

The cause was submitted to the full Court.

Submitted on brief by *Frank Cannizzaro, Jr.,* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Gerard Wm. Wittstadt, Assistant Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *Howard G. Reamer, Assistant State's Attorney,* for the appellee.

HORNEY, J., delivered the opinion of the Court.

In a six-count indictment, Paul Graczyk (the defendant) was charged, in the second count, with breaking into a storehouse with intent to steal, and, in the sixth count, was charged with breaking into a storeroom and stealing goods and money to the value of five dollars and upwards.

When the case came on for trial the defendant changed the general plea of "not guilty" he had entered on his arraignment and plead "guilty" to the charge (in the sixth count) that he broke into the storeroom, *i.e.,* the tavern of Edward Zielski, and stole therefrom whiskey and other goods and money of the total value of $40.97. The State accepted the plea. Following a colloquy at the bench between the judge and counsel, the trial court, after receiving the testimony of one of the arresting officers and the record of prior convictions, inquired whether the defendant understood the nature of the offense to which he had entered a plea of guilty, and, having been assured by the defendant himself that he did, he was sentenced to ten years in the Penitentiary. The defendant, although he had preserved no points to be reviewed, entered an appeal to this Court.

Appellate counsel (who had not been trial counsel), at the suggestion of the defendant, set forth in the brief the questions he understood the defendant wished to raise on appeal, though he had no illusions about their lack of merit under a valid plea of guilty. Among them are contentions that the defendant was not confronted with the witnesses against him; that the State did not prove the *corpus delicti*; that the State did not show the commission of a crime; that it was improper for the State to introduce and the trial court to receive and consider the prior criminal record of the defendant before the end of the State's case; and that the court failed to enter a formal verdict of guilty before it imposed sentence. None of these contentions was raised below, and none of them, if properly raised, would have any substance after a valid plea of guilty.

There were also contentions to the effect that the State reneged on its agreement to accept a plea of guilty to the second count and that the trial court interfered by suggesting that the plea of guilty should be to the sixth count instead of the second. These contentions, though not specific, at least indicate that the defendant was not happy with respect to the sentence the court had imposed on him. But the defendant did not then complain that the sentence was more than he had expected under the agreement. Nor did he thereafter move to set aside or otherwise correct the sentence he contends was erroneously imposed.

After the briefs had been filed, and two days before the case was to have been argued in this Court, the defendant filed a motion *pro se* to stay the argument pending the appointment of other counsel "to properly and fully prepare a brief and argument" for him. Counsel for the State as well as the defendant had submitted on the briefs, and we deferred determination of the case and requested the defendant to submit a statement of the points he claimed his counsel failed to raise and a statement of the matters he claimed were omitted from the record.

In his "answer" to the request that he be more specific, the defendant states in substance that after pleading not guilty at the arraignment, he requested trial counsel to inform the State he would plead guilty to the second count (which through experience he knew carried a penalty of not more than 18 months) ; that the State agreed it would accept the plea; that when the State was reminded of the agreement at the trial, the prosecuting attorneys could not agree as to which count the plea should be made; that permission was sought and granted for all counsel to approach the bench; that in the ensuing conference, which the court reporter did not record, the defendant heard "snatches of conversation," the gist of which was to the effect that the State did not want to accept a plea of guilty to the second count because it involved only an intent to steal when the evidence indicated a breaking and stealing as was charged in the sixth count; that after the conference, his counsel explained the difference between the two counts but did not inform him that the sixth count carried a maximum penalty of 10 years; that on the basis of this imperfect explanation, he plead guilty to the sixth count; that he was ignorant of the consequences when he told the court he understood the nature of the sixth count; that when the court sentenced him to 10 years (instead of 18 months) he "almost dropped dead"; and that had he been fully informed of the penalty for the crime of breaking and stealing, he would not have plead guilty to the sixth count.

Although the defendant contends that he did not fully understand the nature and effect of the plea of guilty and the facts on which the plea was made at the time it was entered, it appears

he did become aware of its effect when the sentence was imposed.

On the actual record before us, it would be difficult to say that the defendant did not voluntarily and understandingly enter a plea of guilty to the sixth count or that, by his silence and failure to interpose an objection when sentence was imposed, he did not waive any objections which might have been available to him to the acceptance of his plea of guilty and the imposition of sentence thereon. Cf. *Adams v. State,* 224 Md. 141, 167 A. 2d 94 (1961). On the other hand, it is not entirely clear from the record just what the defendant did understand. Of course, if the question of the voluntary and understanding nature of his plea had been duly raised in the trial court, it could have been received on appeal. See *Lowe v. State,* 111 Md. 1, 73 Atl. 637 (1909), a leading and frequently cited case. It is also highly probable that if any such question had been raised in the trial court, there would have been no such question to raise, or seriously attempt to raise, in this Court.

However, since there is a possibility that, under the circumstances in this case, the question might be raised in a post conviction proceeding (see *Hamilton v. Warden,* 214 Md. 633, 136 A. 2d 251), we think it can most conveniently and expeditiously be determined in the present case. Cf. *Wilson v. State,* 227 Md. 99, 175 A. 2d 775 (1961), in which this Court found a question not to be properly before it, but recognized that a post conviction proceeding might be instituted to raise the same contention and expressed its view as to the lack of merit in that contention, which had been fully argued here. In the instant case, the facts shown by the record are not sufficient to enable us to determine whether or not there is any merit to the contention of the defendant on this point.

We shall, therefore, remand the case without affirmance or reversal to the end that the trial court may determine the facts as to whether or not the plea of guilty to the sixth count was knowingly and understandingly made, and if not, whether any objection to the entry of that plea and to the judgment and sentence was knowingly waived. Cf. *Kelley v. State,* 151 Md. 87, 133 Atl. 899 (1926).

All other contentions raised by the defendant on this appeal are finally determined adversely to him.

*Case remanded without affirmance of reversal for further proceedings.*