## CASON *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 22, September Term, 1964.]

*Decided October 21, 1964.*

Before Henderson, C. J., and Hammond, Prescott, Horney, Marbury, Sybert and Oppenheimer, JJ.

Horney, J., delivered the opinion of the Court.

This application for leave to appeal from an order of the Criminal Court of Baltimore denying the applicant post conviction relief contends that a wife has no authority to grant permission to make a search of the home occupied by her and her husband in his absence. But see *Bellam v. State,* 233 Md. 368, 196 A. 2d 891 (1964). However, we rest our decision on another ground.

The applicant, who pled guilty to receiving stolen property as charged in five separate indictments, now contends that he was convicted on evidence seized as the result of an illegal search. Even if it is assumed, without deciding, that the contention is true, the applicant would not be entitled to the relief sought under the circumstances of this case.

The record shows he was represented by counsel. No testimony, either on behalf of the State or the defendant, was heard by the trial court, and there is nothing in the record to indicate that any of the physical evidence alleged to have been illegally seized was before the trial court at the time the cases were disposed of on the pleas of guilty. Nor is it alleged that the pleas of guilty were not knowingly and understandingly made or that the seizure of evidence compelled or induced the petitioner to plead guilty. Nevertheless, the judge, who heard the petition for post conviction relief, undertook to inquire into whether the search and seizure was illegal and (after hearing the officer who made the search and the wife of the petitioner) found that it was not. We think it was unnecessary to inquire into the legality of the seizure of evidence.

Since a plea of guilty voluntarily and knowingly made is a conviction of the highest order, *Bennett v. Warden,* 223 Md. 664, 164 A. 2d 285 (1960), and obviates the necessity of prov-

ing the offense charged, *Moyer v. State,* 225 Md. 156, 169 A. 2d 409 (1961), the contention in a post conviction proceeding that evidence tending to prove the guilt of the petitioner had been seized as a result of an illegal search came too late and afforded him no ground for relief. Cf. *Graczyk v. State,* 230 Md. 299, 186 A. 2d 616 (1962). Absent a showing that the pleas of guilty were not voluntarily and knowingly made or that the seizure of evidence had induced the pleas of guilty, the question of the legality of the search is immaterial. Cf. *Case v. State,* 228 Md. 551, 180 A. 2d 698 (1962).

*Application denied.*