## OGLE *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 37, September Term, 1964.]

*Decided October 27, 1964.*

Before Henderson, C. J., and Hammond, Prescott, Marbury and Sybert, JJ.

426

HENDERSON, C. J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of post conviction relief by Judge Oppenheimer in the court below. The applicant was convicted on March 19, 1959, of robbery with a deadly weapon and sentenced to twenty years. He was also convicted of burglary, and three charges of accessory before the fact, for which he received sentences of five years each, to run concurrently with the twenty-year sentence. He was represented by counsel of his own selection, pleaded guilty in each case, and when he took the stand at his own request, admitted participation in the crimes charged. The State stetted nine other charges of similar character, in view of his pleas of guilty. In his petition for post conviction relief, he alleged that he was illegally arrested and subjected to an illegal search and seizure.

Judge Oppenheimer disposed of the matter by stating that the petitioner merely complained, at the post conviction hearing, that there was no warrant for his arrest, and did not show a lack of probable cause for his arrest. We may add that the statement of facts by the State's Attorney, following acceptance of the guilty pleas, indicated that the petitioner was apprehended on the burglarized premises, virtually caught in the act, and that he was implicated by his confederates in the other offenses, having been present at the robbery and having furnished the revolvers. These facts alone, if proven, would have amounted to probable cause to arrest. There is no showing that anything was found on the applicant's person, or on his premises.

But the short answer is that no evidence was offered for the reason that none was necessary after the pleas of guilty. *Mapp v. Ohio,* 367 U. S. 643, relied on by the applicant, is simply not applicable to a case where the necessity for a trial is obviated. The mere fact of an illegal arrest is no ground for relief in any event. *Jackson v. Warden,* 235 Md. 689, 690. Where no "fruits" of an arrest are used against an accused at his trial, the legality of his arrest is immaterial. *Bryant v. Warden,* 235 Md. 658, 659. See also *Cason v. Director,* 236 Md. 344. There is no claim that the guilty pleas were not voluntarily made. By plead-

ing guilty, he waived all procedural objections, constitutional or otherwise. *Plitt v. Director,* 234 Md. 602 ; *McCoy v. Warden,* 234 Md. 616.

It is true that in *Gans v. Warden,* 233 Md. 626, and *Thomas v. Warden,* 235 Md. 636, we remanded for determination of the reasonableness of alleged searches, although there had been pleas of guilty. We did so because the possession of narcotics was the essence of the offenses charged, and it was suggested that the pleas were directly induced by the search of the defendants' persons and the finding of the narcotics thereon. In such circumstances, the legality of the search had a direct bearing upon the question of waiver, although we left the latter question open so as to make it unnecessary to decide a constitutional point. We see no reason for a remand in the instant case, even if we assume, without deciding, that *Mapp* is retroactive.

*Application denied.*