## COX *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 109, September Term, 1964.]

*Decided April 1, 1965.*

HAMMOND, J., delivered the opinion of the Court.

In this application for leave to appeal, the applicant Cox makes a number of contentions as to the involuntariness of a confession, inadequacy of counsel at his trial, denial of counsel while in police custody, that his lawyer entered a guilty plea without his consent, and that the trial judge made no inquiry or determination as to whether he knew the consequences of a guilty plea.

Cox pleaded guilty to charges of armed robbery in 1961 and was sentenced to twenty years imprisonment by Judge Joseph Carter. In 1962 Cox applied for post conviction relief, making the same contentions he now makes. Judge Cardin denied relief, rejecting on the merits the claim of inadequacy of counsel

and holding that the other contentions were not reviewable in a post conviction proceeding, although it could have been inferred from what he said that he found as a fact that Cox's guilty plea had been made knowingly and voluntarily. We affirmed the denial of relief in *Cox v. Warden*, 232 Md. 615, on the ground that Judge Cardin had made such a finding of fact as to the plea of guilty.

Cox sought relief in the federal courts. Judge Watkins sent him back to the State courts to reapply for post conviction relief in the light of *Townsend v. Sain*, 372 U. S. 293, 9 L. Ed. 2d 770, and *Fay v. Noia*, 372 U. S. 391, 9 L. Ed. 2d 837. Cox then sought post conviction relief before Judge Harlan, who denied it. Cox then filed a second habeas corpus petition in the District Court and again was summarily denied relief by Judge Watkins on the ground he had deliberately bypassed a state remedy by failing to appeal Judge Harlan's action to this Court.

Cox appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed Judge Watkins but modified his order so that the dismissal of Cox's petition for habeas corpus was without prejudice. See *Hunt v. Warden, Maryland Penitentiary*, 335 Fed. 2d 936, in which the Court said that this Court should have the opportunity to consider Cox's claims in the light of recent Supreme Court decisions.

On October 21, 1964, Cox filed his third post conviction relief based on the same grounds. Judge Sodaro, without appointing counsel or holding a hearing, denied relief, holding essentially that Judge Cardin had decided that the guilty plea had been made knowingly and voluntarily and thus was "a conviction of the highest order and a waiver of the constitutional rights which he now claims were violated."

The Attorney General of Maryland advises us that "while the transcript [which Judge Sodaro filed with his opinion] shrieks of the Petitioner's guilt, there is no showing that, in acting upon the third Petition for post conviction relief, the State Court below considered the allegations of the Petition in light of the specific treatment given to Cox's Federal Habeas Corpus Petition for a review of the matter by a State Court" and recommends that the matter be remanded for further consideration.

We are inclined to follow the suggestion of the Attorney

General and of the Circuit Court of Appeals. Upon careful re-consideration of Judge Cardin's opinion in the first post conviction case, we are not entirely certain that he did not dispose of the contention as to the guilty plea on a basis at least partially non-factual. Since a determination that Cox did knowingly and voluntarily plead guilty, if that be the fact, would dispose of most, if not all of his claims of right to post conviction relief, the application for leave to appeal will be granted and the case remanded for further proceedings, including the appointment of counsel and a hearing to determine the validity of the guilty plea.

*Application for leave to appeal granted, and case remanded for further proceedings consonant with this opinion.*