CAMPBELL *v.* WARDEN OF MARYLAND
HOUSE OF CORRECTION

[App. No. 32, September Term, 1965.]

*Decided December 20, 1965.*

PER CURIAM.

In this application for leave to appeal under the Post Conviction Procedure Act, the petitioner seeks relief from his June 14, 1956 convictions of storehouse breaking and attempting to escape jail rendered by the Circuit Court for Charles County. He was convicted on guilty pleas, and the court sentenced him to a total of eighteen years.[1] The petitioner raises three contentions: (1) his convictions resulted from illegal search and seizure, (2) he was not advised of his right to appeal and (3) he did not have counsel when he entered his guilty pleas.

In an earlier application for relief from his Charles County convictions, petitioner alleged, *inter alia,* that he was not represented by counsel at the time of trial. Judge Dorsey, after an evidentiary hearing held on June 9, 1961 in the Circuit Court for Charles County, found that petitioner refused counsel, apparently in the hope of leniency, that no inducement for the guilty pleas was made by the State's Attorney and that petitioner's guilty pleas were a free and voluntary act. Petitioner was represented by counsel at this hearing; no appeal was taken from the denial of this first application. We have reviewed the transcript of this hearing because the contentions the petitioner

---

1. While on parole, on September 22, 1964, Campbell was convicted in the Circuit Court for Washington County of grand larceny and receiving stolen goods. The sentences on these convictions were subsequently made concurrent wih his original sentences from the Circuit Court for Charles County; they totalled seven years. On November 12, 1965, we denied his application to appeal for relief from his Washington County convictions. Campbell v. Warden, 240 Md. 720, 213 A.2d 879 (1965).

now raises are without merit if he freely and knowingly entered his pleas of guilty. At the hearing, the petitioner admitted that he was offered counsel by the court. The State's Attorney testified that he informed the petitioner that the sentence was totally within the discretion of the court and that he made no promises. Petitioner testified that he was instructed to plead guilty and to deny counsel. The court found otherwise.

In *Palacorolle v. State,* 239 Md. 416, 211 A. 2d 828 (1965), the eighteen year old defendant appealed from judgments of conviction of resisting arrest and disorderly conduct. He had pled guilty and refused counsel. We affirmed the judgments, finding he voluntarily and knowingly waived his right to counsel. With a guilty plea voluntarily given, petitioner waived all procedural objections, constitutional or otherwise. *Ogle v. Warden,* 236 Md. 425, 426-27, 204 A. 2d 179 (1964); *Cason v. Director,* 236 Md. 344, 203 A. 2d 905 (1964) and cases therein cited. In *Cason* we said:

> "Since a plea of guilty voluntarily and knowingly made is a conviction of the highest order, *Bennett v. Warden,* 223 Md. 664, 164 A. 2d 285 (1960), and obviates the necessity of proving the offense charged, *Moyer v. State,* 225 Md. 156, 169 A. 2d 409 (1961), the contention in a post conviction proceeding that evidence tending to prove the guilt of the petitioner had been seized as a result of an illegal search came too late and afforded him no ground for relief. Cf. *Graczyk v. State,* 230 Md. 299, 186 A. 2d 616 (1962). Absent a showing that the pleas of guilty were not voluntarily and knowingly made or that the seizure of evidence had induced the pleas of guilty, the question of the legality of the search is immaterial. Cf. *Case v. State,* 228 Md. 551, 180 A. 2d 698 (1962)." at 345-46.

*Application denied.*