JOHN WILLARD BLANN *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 192, September Term, 1967.]

*Decided November 20, 1968.*

Before Murphy, C.J., and Anderson, Morton, Orth, and Thompson, JJ.

Murphy, C.J., delivered the opinion of the Court.

This is an application for leave to appeal from an order of Judge George B. Rasin, Jr., in the Circuit Court for Talbot County denying the relief prayed in a petition under the Uniform Post Conviction Procedure Act.

In his amended post conviction petition, applicant alleged in substance:

1. That he was illegally arrested and, as a consequence, the search and seizure of a weapon and wallet belonging to the victim were likewise illegal.
2. That as a result of his illegal arrest, he was placed

in an illegal one-man lineup and that his identification in that lineup caused him to give a confession to the crime.

3. That as a result of the illegal arrest, the illegal search and seizure, the illegal lineup, and the illegal confession, he was thereby induced to plead guilty to the crime of robbery with a deadly weapon (for which he received an eight-year sentence).

In its opinion denying relief, the court below ruled as a matter of law that the only question to be considered was whether the petitioner's plea of guilty was freely and voluntarily given. It expressly declined to permit the petitioner to "go into the details of his original apprehension, identification and the giving of his statement to form the basis of his contention that his guilty plea was involuntary." In an addendum to its opinion, the court made a similar ruling refusing to consider evidence of the effect of the alleged illegally seized evidence on the voluntariness of petitioner's guilty plea, and concluded that "by pleading guilty [petitioner] waived his right to contest his original arrest and search and seizure of physical evidence."

At the hearing, petitioner's counsel made a proffer of testimony of two witnesses concerning petitioner's apprehension and identification at the police barracks at Easton, but the court, in accordance with its view that the sole question to be considered was whether the guilty plea was voluntary, declined to hear such witnesses on petitioner's behalf.

The petitioner then testified that he had a seventh grade education; that he had "four prior experiences" with court proceedings and was familiar with such proceedings; that he knew what a guilty plea meant; that he knew that the maximum penalty for the crime with which he was charged was twenty years; and that nobody threatened him in order to obtain his plea of guilty, nor were any promises made to him. He further testified, according to the lower court's opinion, "that after his identification, which he now believes was improper, and his confession, which he now believes was improper, that he felt there was no point in pleading not guilty." After hearing further tes-

timony from the petitioner, the court concluded that he was not objecting to the length of his sentence but that his "real complaint" was that he had been sent to Patuxent Institution, as the petitioner so stated in his testimony. The trial court found from this testimony that it was "only after the court ordered him examined by the Patuxent Institution that he wanted to contest the disposition of his case."

In his application for leave to appeal, applicant contends that the court erred in its factual findings, and also erred when it refused to hear testimony of witnesses on his behalf to establish the "irregularities" surrounding his apprehension, arrest, interrogation and lineup identification so as to show that these irregularities induced his plea of guilty.

It is, of course, well settled that a plea of guilty may be entered under circumstances showing a voluntary desire on the part of the accused to do so, with an intelligent understanding of the nature of the offense to which he is pleading guilty and the possible consequences of such a plea. *Wayne v. State,* 4 Md. App. 424. It is equally well settled that when a person pleads guilty, the necessity of proving the offense is obviated, *Campbell v. Warden,* 240 Md. 729, so that in such a case no evidence need be introduced to prove guilt, *Gopshes v. State,* 1 Md. App. 396. It has been held, therefore, that a plea of guilty, freely and intelligently made, operates as a "conviction of the highest order" and constitutes a waiver of all non-jurisdictional defects, *Treadway v. Warden,* 243 Md. 680, including the defects inherent in an illegally elicited confession, *McCoy v. Warden,* 234 Md. 616, an illegal arrest, *Simpson v. State,* 234 Md. 618, and an unlawful search and seizure, *Ogle v. Warden,* 236 Md. 425. But where it is specifically contended in a petition filed under the Uniform Post Conviction Procedure Act that a guilty plea was not freely and intelligently entered (and there is no question under the Act either of statutory waiver or of a prior final adjudication), a full evidentiary hearing must, at least in some circumstances, be afforded to permit the petitioner to show, if he can, that his guilty plea was not voluntarily and intelligently entered. See *Farrell v. Warden,* 241 Md. 46; *Branson v. Warden,* 239 Md. 15; *Cox v. Warden,* 238 Md. 230.

In *Cason v. Director,* 236 Md. 344, the petitioner who had pleaded guilty at his trial contended in his petition under the Post Conviction Procedure Act that he was convicted on evidence seized as a result of an illegal search. The Court of Appeals found it unnecessary to inquire into the legality of the seizure of the evidence, as it concluded that there was no allegation that the plea of guilty was not knowingly and understandably made, or that the seizure of such evidence compelled or induced the petitioner to plead guilty. To like effect, see *Ogle v. Warden, supra.* It would thus appear by implication from *Cason* and *Ogle* that where, as here, a petitioner affirmatively alleges that he was induced to plead guilty by confrontation with illegally. seized evidence, an evidentiary hearing should be held (at least where there is no statutory waiver of the contention or prior adjudication thereof under Section 645A (b) and (c) of the Act) to permit the petitioner an opportunity to prove, as a matter of fact, that his plea was so improperly induced and, as such, was not freely and intelligently entered. While *Cason* and *Ogle* are limited on their face to instances where the guilty plea was allegedly impelled by confrontation with evidence seized in violation of the Fourth Amendment to the Federal Constitution (see *Mapp v. Ohio,* 367 U. S. 643), it may be argued that the principle underlying these cases extends to guilty pleas allegedly impelled or induced by confrontation with, or· knowledge of, any incriminating evidence unconstitutionally obtained, whether tangible or intangible, including involuntarily obtained confessions and lineup identifications which affront due process of law (see *Stovall v. Denno,* 388 U. S. 293). If such a view correctly states the applicable law under the Post Conviction Procedure Act, it would follow that at the evidentiary hearing the question of what mental processes compelled the petitioner to plead guilty—although almost entirely a subjective matter — would require full evidentiary exploration, together with other questions relating to the circumstances under which. the petitioner was made cognizant of the incriminating evidence (if he ever was), whether he understood· its incriminatory nature, effect, and possible use, whether he knew that such evidence could be excluded at his trial upon proper objection, whether with knowledge of his fed-

eral constitutional rights he nevertheless intentionally waived them (see *Johnson v. Zerbst*, 304 U. S. 458, and *Jones v. Warden*, 2 Md. App. 343), and whether he knowingly and intelligently failed to allege before trial, at trial, or on direct appeal, that the plea of guilty which he would enter was not free and voluntary, thus amounting to a waiver of the contention under the Act, unless there is a showing of special circumstances to excuse such failure (Section 645A (c)).

Whether in all such cases the force of *Cason* and *Ogle* is such as to require evidentiary hearings of such broad dimension and scope, we think that in any event the basic issue is not whether there exists evidence which was unconstitutionally secured and made known to the petitioner, but rather, even assuming such a fact, whether it was the inducing or compelling cause of the entry of the guilty plea. If it was not, then it cannot be successfully maintained that the guilty plea was, on that asserted ground, other than freely and intelligently made.

While in the present case the applicant sought a broader evidentiary hearing than was afforded by the court below, we think it plain from his own testimony that the disavowal of his guilty plea stemmed not from any lack of voluntariness when the plea was entered, but solely as an afterthought because his conviction resulted in his referral to Patuxent Institution — a facility which we judge he preferred to avoid. It may have been that the trial judge should have permitted the proffered testimony in evidence; moreover, we think he should have had before him the substance of the proceedings conducted when applicant entered his guilty plea. But, as heretofore indicated, we think the record before us, considered in light of the application for leave to appeal, compels the conclusion that applicant's guilty plea was not involuntarily entered as a result of any confrontation with evidence secured in violation of his constitutional rights.

We think it not improbable that in deciding *Cason* and *Ogle*, the Court of Appeals considered the effect of the Supreme Court's holding in *Fahy v. Connecticut*, 375 U. S. 85—a state prosecution in which highly incriminating evidence had been illegally seized from the defendant who, with knowledge of such seizure, subsequently confessed his guilt to the crime. As the

defendant there had not been afforded an opportunity at the trial to show, as he claimed, that his extrajudicial confession was induced by being confronted with the illegally seized evidence, the Supreme Court remanded the case for a factual determination on the question, noting in the course of its opinion that the "essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all," citing *Wong Sun v. United States,* 371 U. S. 471; *Nardone v. United States,* 308 U. S. 338, and *Silverthorne Lumber Company v. United States,* 251 U. S. 385.[1] But whereas *Fahy* involved a not guilty plea, followed by a trial to deter-

---

1. In a not dissimilar vein, the Supreme Court, on June 10, 1968, decided *Harrison v. United States,* 392 U. S. 219, a case involving the question of whether, on a retrial, the defendant's original trial testimony, which incriminated him, and which was sought to be introduced at the retrial, "was the inadmissible fruit" of three unconstitutionally obtained confessions which had been erroneously introduced against him at the original trial. The court held, in effect, that if the defendant had been impelled to testify as a consequence of the improper admission of the illegal confessions, "the same principle that prohibits the use of confessions so procured also prohibits the use of any testimony impelled thereby" on the ground, as in *Fahy,* that the "essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all." The court specifically rejected the argument that after the confessions were introduced against the defendant, he had simply made a conscious tactical decision to seek acquittal by testifying in his own behalf. It concluded that the question "is not whether the petitioner made a knowing decision to testify, but why"—that if the defendant testified "in order to overcome the impact of confessions illegally obtained and hence improperly introduced, then his testimony was tainted by the same illegality that rendered the confessions themselves inadmissible." The court then indicated that the question was one of fact— "whether the petitioner's trial testimony was in fact impelled by the prosecution's wrongful use of such illegally obtained confessions." On this question the court, in reversing the conviction, determined that the government had not demonstrated that such testimony was obtained "by means sufficiently distinguishable" from the underlying illegality "to be purged of the primary taint," citing *Wong Sun v. United States, supra.*

mine the guilt or innocence of the defendant, at which his extrajudicial confession was introduced to prove his guilt, (but without affording him an opportunity to show that it was involuntarily obtained by confrontation with illegally seized evidence) the present case involves a guilty plea, *i.e.*, a judicial confession of guilt entered in open court, making unnecessary the introduction of any evidence to determine guilt or innocence. We think these differences are both substantial and fundamental and they cause us to entertain doubt that the constitutional principle enunciated in *Fahy* has any direct application to the facts of cases such as the present arising under the Post Conviction Procedure Act. In view of our disposition of the application for leave to appeal, however, we have no need to decide the question.[2]

*Application denied.*

2. As an illegal arrest does not preclude trial and conviction for the offense, *Hartley v. State,* 4 Md. App. 450, and as an identification made at a pretrial confrontation held following an illegal arrest does not, for the reason that the arrest was illegal, render the identification evidence inadmissible, *Tender v. State,* 2 Md. App. 692, and as an extrajudicial confession given following an illegal arrest is not thereby *per se* inadmissible in state prosecutions, *Boone v. State,* 2 Md. App. 80, we hold as a matter of law that none of these reasons taken separately or collectively can ever constitute valid grounds upon which to show that the plea of guilty was not understandably and intelligently made.