## JOHNSON *v.* CLIFTON T. PERKINS STATE HOSPITAL

[No. 76, September Term, 1969.]

*Decided March 3, 1970.*

The cause was argued before HAMMOND, C. J., and MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*J. Thomas Nissel* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Richard J. Kinlein, State's Attorney for Howard County,* and *Charles E. Wehland, Deputy State's Attorney for Howard County,* on the brief, for appellee.

PER CURIAM.

On January 9, 1968, the appellant, Tallman Johnson, was charged with breaking and entering and grand larceny in the Circuit Court for Howard County. He pleaded guilty to the breaking and entering charge, receiving a three year suspended sentence conditioned on his acceptance for treatment as a narcotics addict at the Federal Health facility at Lexington, Kentucky. On February 20, 1968, a motion to strike his guilty plea was granted. Thereupon the court committed him, apparently on its own initiative, to Clifton T. Perkins State Hospital for a pre-trial mental examination by the Department of Mental Hygiene pursuant to Sections 7, 8 and 9 of Article 59 of the Annotated Code of Maryland (as amended by Chapter 709 of the Laws of Maryland 1967), now codified in Code (1957, 1968 Repl. Vol.), to determine his competence to stand trial and his sanity at the time of the alleged act. In its report of March 8, 1968, the staff at Perkins was of the opinion that Johnson was incompetent to stand trial, and on March 11 the circuit court recommitted him to Perkins "for further treatment and further testing in order that a report of his complete evaluation may be submitted to [the] court . . . ."

Subsequently, Johnson petitioned the court for a determination of his sanity. It is unclear from his brief petition if by sanity he meant simply his competency to stand trial or his sanity at the time of the alleged offense. In any event, a hearing was held on December 2, 1968, to determine if under Article 59, Section 8 (a) the appellant could be released from the hospital even though he was not competent to stand trial. The jury was asked: "Would the said Tallman Johnson, by reason of mental disease or defect, if he becomes a free agent, that is, if he were set at liberty, be a danger to himself or to the safety of the person or property of others?" It responded yes, and the court ordered that the appellant be committed for further examination and treatment pursuant to Section 8. Johnson noted an appeal from this order. The State has moved to dismiss the appeal as moot.

The basis of this motion is that the proceedings did not stop when Mr. Johnson filed his appeal. On January 31, 1969, Perkins Hospital reported that Johnson had responded to therapy and in their opinion he had become competent to stand trial. On February 4 he entered a plea of not guilty by reason of insanity and on February 6 the court issued a new order for examination by the Department of Mental Hygiene as provided by Sections 7, 8 and 9 of Article 59. In its report of April 17, 1969, the Department of Mental Hygiene determined that Johnson was able to understand the nature of the proceedings against him and to assist in his defense, but that at the time of the alleged offense he was suffering from a mental disease which caused him to lack substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law. On July 3, 1969, at a hearing Judge Macgill found him not guilty by reason of insanity. On July 14, the court ordered him committed to the custody of the Department of Mental Hygiene to determine whether the appellant, by reason of mental disease or defect, if he becomes a free agent, would be a danger to himself or to the safety of the person or the property of others, *"pursuant to the provisions of Section 11, Article 59 of the Annotated Code of Maryland."* (Emphasis supplied.) The State contends that this last order of commitment and the determination that he was not guilty by reason of insanity have superseded the order of December 2, 1968, and made moot this appeal from that order. We agree. Once it was determined that he was competent to stand trial and that he was not guilty by reason of insanity the pre-trial release provisions of Section 8 (a) were no longer applicable to the appellant's status. *Ogle v. Warden,* 236 Md. 425, 426-27, 204 A. 2d 179 (1964) ; *Fix v. State,* 5 Md. App. 703, 705-06, 249 A. 2d 224 (1969).

Moreover, the order under Section 11 superseded any previous orders committing him to the Perkins Hospital. Although the standard for release under Section 11 is identical to the inquiry under Section 8 (a) it serves a

different function. Where Section 8 (a) is for pre-trial release, Section 11 is designed for post-trial commitment and release if warranted. It comes to grips with the problem of releasing a potentially dangerous person accused of a crime when he has been acquitted by reason of insanity. *See* Figinski, *Commitment After Acquittal,* 22 Md. L. Rev. 293, 301-03 (1962). We agree, therefore, with the State's contention that the appellant is now being detained on an entirely different statutory basis than that from which he has appealed. We observe, however, that the appellant is not without recourse. Under Section 11 he is now entitled to seek review of his present confinement.

> *Appeal dismissed, costs to be paid by Howard County.*