# STATE OF MARYLAND *v.* ANTHONY S. GEPPI, SR.

[App. No. 131, September Term, 1972.]

*Decided April 26, 1973.*

Before MOYLAN, MENCHINE and DAVIDSON, JJ.

MENCHINE, J., delivered the opinion of the Court.

Anthony S. Geppi, Sr., convicted in the Criminal Court of Baltimore of narcotic violations under two indictments, had been sentenced to imprisonment to concurrent terms of fifteen and five years. His present formal petition for post conviction relief had raised fourteen contentions, all of which were considered and rejected by the trial court after hearing, in a memorandum and order passed on December 15, 1972.

Promptly thereafter, counsel for Geppi filed a petition for reconsideration of the decision upon the ground that an oral amendment at the hearing, accepted by the State, had raised an additional constitutional issue that had not been ruled upon by the hearing judge, namely: that acceptance of the guilty plea was in violation of the

mandate of *Boykin v. Alabama,* 395 U. S. 238. The trial court thereupon withdrew his order of December 15, 1972: "Pending further consideration of the constitutional issue * * * as orally amended" and on January 3, 1973 granted Geppi a new trial, because the trial record of the original proceedings "does not reveal that the petitioner was advised of his privilege against compulsory self-incrimination."

The State has filed an application for leave to appeal upon the ground that, when a *Boykin* deficit is alleged in post conviction proceedings (as distinguished from direct appeal), a determination is to be made upon the record at original trial and the record made at post conviction hearing. The record of the original trial showed the following inquiry directed to Geppi by his trial counsel:

> "Q We have discussed this case several times at length, have we not?
> A Yes.
> Q I explained to you that you have the constitutional right to plead not guilty, to plead guilty, or to enter a plea of nolo contendre or no contest, did I not?
> A Yes, sir. * * *
> Q And I explained to you that should you plead guilty, you waive certain rights that you have under the constitution, do you understand that?
> A Yes. * * *
> Q Now Mr. Geppi, should you enter a plea of guilty, you understand that that plea must be given freely and voluntarily?
> A Yes, sir."

The original trial record shows also that before the plea of guilty was accepted, Geppi was informed he had a right to appeal as to the "voluntariness of the plea you are giving * * * and the question of jurisdiction." It

shows also that after conviction, the trial judge specifically informed the accused that "* * you have a right under the law to take an appeal to the Court of Special Appeals of Maryland * * * within thirty days of today. If you do not have the funds needed to pay for the costs of the appeal * * * the Court could appoint counsel for you and permit you to proceed with the appeal as a pauper, indigent."

The State's application for leave to appeal asserts that there was affirmative evidence at the post conviction hearing by Geppi's trial attorney "that he did in fact advise of this specific right [against self-incrimination] and that the respondent [Geppi] intelligently waived it."

*Boykin, supra,* itself clearly implies that determination of a waiver of constitutional rights when the issue is presented in post conviction proceedings (as distinguished from direct appeals) should be made by considering both the record in the original trial *and that made in the post conviction proceedings,* saying at page 242:

> "The requirement that the prosecution spread on the record the pre-requisites of a valid waiver is no constitutional innovation. In *Carnley v. Cochran,* 369 U. S. 506, 516, 8 L.Ed.2d 70, 77, 82 S.Ct. 884, we dealt with a problem of waiver of the right to counsel, a Sixth Amendment right. We held: 'Presuming waiver from a silent record is impermissible. The record must show, *or there must be an allegation and evidence which show,* that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.'" [Italics supplied]

*Boykin* hardly would have cited *Carnley* in the manner it did if the Supreme Court proposed a caveat to the very language it quoted with approval.

In *Dennis v. Henderson,* 435 F. 2d 1288 [CCA5], a footnote distinguished *Boykin* by saying: "Appellant Dennis, unlike Boykin, *had a full post conviction evidentiary hearing on the basis of which his plea was held to have been understandingly and voluntarily made by him.*" [Italics supplied] To the same effect is *Meller v. Missouri,* 431 F. 2d 120, 123 [CCA8]. (Cert. denied 400 U. S. 996)

Again in *Reliford v. Craven,* 434 F. 2d 1315 [CCA9] (Cert. denied 403 U. S. 907), by grounding its decision on evidence produced at post conviction hearing, the Court by implication distinguished *Boykin* partially on that basis.

Compare: The pre-*Boykin* case of *Cox v. Warden,* 238 Md. 230, 208 A. 2d 604.

In *Smith v. Director,* 13 Md. App. 53, 280 A. 2d 910, we implied that post conviction claims of *Boykin* deficits are to be resolved by consideration of the record at original trial and the record at post conviction hearing, saying at page 59 (913) :

> "At the post conviction hearing the trial court indicated it could find nothing in the transcript concerning advice relative to self-incrimination, and it is not apparent from the record that any inquiry was made of the applicant's original attorney at the hearing as to such advice, if any, being given to the applicant."

We now make explicit what was there implied and grant the State's application for leave to appeal. On remand the hearing judge will make the necessary factual determination of the issue, either from the evidence previously heard by him, if that evidence is deemed sufficient for the purpose, or after additional testimony shall have been taken, if that course is deemed necessary or desirable. Such determination should be made in the light of the provisions of Art. 27, § 645A (c) that:

"Error shall be deemed to be waived when a petitioner could have made, but intelligently and knowingly failed to make, such allegation * * * on direct appeal (whether or not said petitioner actually took such an appeal) * * * unless the failure to make such allegations shall be excused because of special circumstances. *The burden of proving such special circumstances shall be upon the petitioner.*" [Italics supplied]

The record made at original trial in the subject case was not a "silent record" such as was the case in *Boykin, supra.* Here, the record makes plain: (a) that Geppi was represented by experienced, able counsel; (b) that the plea of guilty was not made until counsel and client had "discussed this case several times at length;" (c) that the accused knew that a plea of guilty required him to "waive certain rights * * * under the constitution;" and (b) that the accused understood that the "plea must be given freely and voluntarily."

More, he was given specific notice, both before entry of his plea of guilty and after his conviction, that he had a right to appeal from the judgment against him. Thus, he is governed by the reasonable provisions of the quoted part of the post conviction relief act. Such provisions implicitly are approved by Supreme Court decisions recognizing that the unappealed final judgment of a court of competent jurisdiction is entitled to presumptive validity;[1] and that relief may be denied to one who has deliberately bypassed the orderly procedure of the State courts.[2]

Accordingly, the accused has the burden of showing that his constitutional right against self-incrimination was infringed. We do not here depart from our teaching in *Jones v. Warden,* 2 Md. App. 343, 234 A. 2d 472, wherein we said at page 349 [475]:

---

1. *Johnson v. Zerbst,* 304 U. S. 458, 468.
2. *Humphrey v. Cady,* 31 L.Ed.2d 394, 407.

"It is, of course, true that the classic defini-
tion of 'waiver' of a federal constitutional right,
is that of 'an intentional relinquishment or
abandonment of a known right or privilege.'
*Johnson v. Zerbst,* 304 U. S. 458, at 464. While
'waiver' is defined in Section 645A (c) in ac-
cord with the *Johnson* definition (see *Bristow
v. State,* 242 Md. 283), this is so not for the
purpose of applying the same substantive stan-
dard to determine when a waiver of a federal
constitutional right actually becomes effective,
but rather for the procedural purpose of creat-
ing a rebuttable presumption that such a waiver
has in fact occurred where the alleged error has
not been timely asserted. The presumption was
designed to require an orderly presentation of
contentions—a valid State interest—and does
not unduly impede the hearing of federal con-
stitutional claims." [Footnote omitted]

> *Application for leave to ap-*
> *peal granted, the order ap-*
> *pealed from reversed and*
> *case remanded for further*
> *proceedings not inconsis-*
> *tent with this opinion.*