JAMES RUSSELL DEYERMOND AND DAVID
LEE STEGER *v.* STATE
OF MARYLAND

[No. 383, September Term, 1973.]

*Decided January 11, 1974.*

The cause was argued before ORTH, C. J., and MOYLAN and LOWE, JJ.

*Neal P. Myerberg* for appellants.

*James G. Klair, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *John D. Bailey, State's Attorney for St. Mary's County,* on the brief, for appellee.

ORTH, C. J., delivered the opinion of the Court.

On 28 February 1973 the Grand Jury for St. Mary's County returned a true bill against JAMES RUSSELL DEYERMOND and DAVID LEE STEGER charging that on 17 February 1973 they possessed· marijuana "in sufficient quantity to reasonably indicate under all the circumstances an intent to manufacture and distribute" (1st count), they

possessed marijuana (2nd count), and they maintained a common nuisance, to wit, a house resorted to by drug abusers and used for the distribution, storage, and concealment of marijuana (3rd count).

On 16 May 1973 Deyermond filed a motion to suppress evidence on the ground of an unlawful search and seizure. The indictment came on for trial in the Circuit Court for St. Mary's County, apparently the next day.[1] The motion to suppress was determined as a matter preliminary to trial on the merits. Maryland Rule 729 d 2. The search warrant, under the authority of which the challenged evidence was seized, and the application for its issuance were admitted in evidence. After argument by counsel, the court denied the motion.

Each of Steger and Deyermond waived formal arraignment, entered pleas of not guilty to each count and prayed a trial by jury, Steger on 5 March and Deyermond on 12 March 1973. The attorney for each accused was notified on 16 April that a jury trial had been set for 18 May. On that date, according to the transcript of the proceedings, Deyermond's motion to suppress having been denied, Deyermond's counsel, after informing the court that a plea of not guilty as to each count had been made and a jury trial prayed, said: "With permission of the court and with what I understand is the understanding of the State's Attorney, we would like to withdraw the plea as to the second count of the indictment and enter a plea of guilty." Steger thereupon also waived trial by jury and entered a plea of guilty to the 2nd count. The court made personal inquiry of each accused with regard to the voluntariness of his plea, received a statement from the State's Attorney of the facts on which the charge was based and made further inquiry of each accused. Deyermond and Steger each expressly confirmed that no one had "made any promises of a lesser sentence, probation, immunity or anything else in order to induce [him] to plead

---

1. The transcript of the proceedings concerning the motion to suppress shows the date to be "Thursday, May 17, 1973." The docket entries show both the hearing on the motion and the guilt stage of the proceedings to have been on 18 May 1973.

guilty other than the plea bargaining by [their] attorneys with the State's Attorney," and each specifically declared that he was pleading guilty because he was guilty as charged. Neither indicated in any manner that his plea was other than voluntarily and intelligently tendered. The court found that each guilty plea was constitutionally voluntary and accepted it. On 13 June, upon receipt of reports of presentence investigations, each was sentenced to one year and promptly noted an appeal.

Deyermond and Steger filed a joint brief. They do not deny that they committed the crime of which they were convicted. They concede that neither the Supreme Court of the United States, nor the appellate courts of this State have declared that it is a requisite of the effective acceptance of a plea of guilty that an accused be informed that he has a right to have evidence which was unlawfully obtained excluded at his trial. See *Boykin v. Alabama*, 395 U. S. 238; *North Carolina v. Alford*, 400 U. S. 25; *Williams v. State*, 10 Md. App. 570, *cert. denied*, 261 Md. 730. They claim, however, that because of this, "a criminal defendant, faced with evidence against him and a denial of his motion to suppress it, may be easily induced to plead guilty with an expectation for leniency, but without realizing that by so pleading he may have waived his strongest defense to the charge." They urge: "[I]n the absence of a warning by the trial court that a defendant's guilty plea will waive prior objection to incriminating evidence and denial of such objection is non-appealable, a defendant should be permitted to request review of his motion to suppress under all factual situations * * *." They present the question whether a guilty plea waives alleged error in the trial court's denial of a motion to suppress evidence obtained through an unlawful search and seizure.

I

As to Steger, the argument is futile. He interposed no challenge below to the tangible evidence obtained by the police. Maryland Rule 729; *Winebrenner v. State*, 6 Md. App. 440, 443. *Mapp v. Ohio*, 367 U. S. 643, recognized that State

procedural requirements to raise or preserve questions on appeal, even those of constitutional dimension, may still be respected. See *Porter v. State*, 230 Md. 535, 536; *Gaudio v. State*, 1 Md. App. 455, 461. As far as Steger is concerned, the issue of the legality *vel non* of the seizure of the evidence was in no event preserved for appeal. It being the only ground presented for the attack on the judgment against him, we affirm that judgment without further ado.[2]

## II

Deyermond puts squarely before us the question whether a plea of guilty, otherwise voluntary, waives appellate review of the propriety of a denial by the trial court of a motion to suppress evidence claimed to have been obtained by an unlawful search or seizure. His guilty plea followed a denial of his motion to suppress.

It is firmly established that "[a] plea of guilty may be accepted effectively when the record shows that it was made voluntarily, unconditionally, and with an intelligent understanding of the nature of the offense and the possible consequences of the effect of the plea even though the defendant denies his guilt, provided the State demonstrates a strong factual basis for the plea and the defendant clearly expresses a desire to enter it despite his professed belief in his innocence." *Williams v. State, supra*, at 574. Basically, the standard is whether the plea represents a voluntary and intelligent choice among the affirmative courses of action open to the accused. "It is equally well settled that when a person pleads guilty, the necessity of proving the offense is obviated, *Campbell v. Warden*, 240 Md. 729, so that in such a case no evidence need be introduced to prove guilt, *Gopshes v. State*, 1 Md. App. 396. It has been held, therefore, that a plea of guilty, freely and intelligently made, operates as a 'conviction of the highest order' and constitutes a waiver of all non-jurisdictional defects, *Treadway v. Warden*, 243 Md. 680, including the defects inherent in an illegally elicited

2. In the proceedings below Steger was represented by Van Stuart Powers, Esq., and Deyermond was represented by Neal P. Myerberg, Esq. On appeal both are represented by Mr. Myerberg.

confession, *McCoy v. Warden,* 234 Md. 616, an illegal arrest, *Simpson v. State,* 234 Md. 618, and an unlawful search and seizure, *Ogle v. Warden,* 236 Md. 425." *Blann v. Director,* 5 Md. App. 428, 431. In *Fix v. State,* 5 Md. App. 703 there was an attack on a plea of guilty and a claim of denial of a speedy trial. We said, at 705: "But if the plea of guilty was freely and intelligently made, the right to a speedy trial, if such was denied the appellant, was waived thereby as such a plea is a conviction of the highest order and waives all procedural objections, constitutional or otherwise, and non-jurisdictional defects." The general rule, therefore, long recognized in this State, is "that when a person pleads guilty, the judgment entered on the plea cannot ordinarily be reviewed on appeal if the plea was made freely and voluntarily with full understanding of its nature and effect, and the judgment properly entered." *Waller v. State,* 13 Md. App. 615, 624, quoting *Cohen v. State,* 235 Md. 62, 69, *cert. denied,* 379 U. S. 844.

We think that on direct appeal, where the record, as here, affirmatively shows that a guilty plea was voluntarily tendered and effectively accepted, the plea constitutes a waiver of any illegality in a search and seizure by which evidence was obtained. We believe that the mere fact that the plea follows a denial of a motion to suppress the evidence does not affect the voluntariness of the plea or the effectiveness of its acceptance, even in the absence of advice that the plea will constitute a waiver of the review on direct appeal of the ruling on the motion to suppress. Therefore, the general rule applies, and neither the judgment resulting from the plea, nor the propriety of the denial of the motion to suppress which preceded it, may be reviewed.[3]

### III

We find the cases cited in appellants' brief to be in harmony with the view herein expressed. What those cases hold, in effect, is that under certain circumstances the

---

**3.** Because the guilty plea constitutes a waiver of review of the ruling on the motion to suppress, Maryland Rule 1087, "Interlocutory Orders — When Reviewable", is not applicable.

lawfulness *vel non* of an arrest, search, and seizure, may be reviewed under post conviction procedures despite a plea of guilty. In Gans v. Warden, 233 Md. 626, and *Thomas v. Warden*, 235 Md. 636, the application for leave to appeal was granted and the "case remanded for determination of the lawfulness or unlawfulness of the arrest, search and seizure * * *." The Court set out the rationale for this action in *Ogle v. Warden*, 236 Md. 425, 427:

"We did so because the possession of narcotics was the essence of the offenses charged, and it was suggested that the pleas were directly induced by the search of the defendants' persons and the finding of the narcotics thereon. In such circumstances, the legality of the search had a direct bearing upon the question of waiver, although we left the latter question open so as to make it unnecessary to decide a constitutional point."

This rationale also explains why the application for leave to appeal was denied in *Cason v. Director*, 236 Md. 344, where the Court thought it unnecessary to inquire into the legality of the seizure of the evidence for the reason that it was not alleged that the pleas of guilty were not knowingly and understandingly made or that the seizure of evidence compelled or induced the petitioner to plead guilty. The Court said, at 345-346:

"Since a plea of guilty voluntarily and knowingly made is a conviction of the highest order, * * * and obviates the necessity of proving the offense charged, * * * the contention in a post conviction proceeding that evidence to prove the guilt of the petitioner had been seized as a result of an illegal search came too late and afforded him no ground for relief. * * * Absent a showing that the pleas of guilty were not voluntarily and knowingly made or that the seizure of evidence had induced pleas of guilty, the question of the legality of the search is immaterial. * * *." (Citations omitted)

We followed the lead of the Court of Appeals in *Tyler v. Warden*, 2 Md. App. 127, granting an application for leave to appeal and remanding for determination if challenged evidence was unlawfully obtained upon a contention that the guilty plea was not freely and intelligently made but only came about as a result of the admission of the allegedly illegally obtained evidence.

In *Blann v. Director, supra,* after discussing the general rule that a plea of guilty constitutes a waiver of all non-jurisdictional defects (see above), we said, at 431:

> "But where it is specifically contended in a petition filed under the Uniform Post Conviction Procedure Act that a guilty plea was not freely and intelligently entered (and there is no question under the Act either of statutory waiver or of a prior final adjudication), a full evidentiary hearing must, at least in some circumstances, be afforded to permit the petitioner to show, if he can, that his guilty plea was not voluntarily and intelligently entered. See *Farrell v. Warden*, 241 Md. 46; *Branson v. Warden*, 239 Md. 15; *Cox v. Warden*, 238 Md. 230."

It appeared to us by implication from *Cason* and *Ogle* that where "* * * a petitioner affirmatively alleges that he was induced to plead guilty by confrontation with illegally seized evidence, an evidentiary hearing should be held (at least where there is no statutory waiver of the contention or prior adjudication thereof under Section 645A (b) and (c) of the Act) to permit the petitioner an opportunity to prove as a matter of fact, that his plea was so improperly induced and, as such, was not freely and intelligently entered." At 432. We discussed in detail the nature of the evidentiary hearing. We thought, whether evidentiary hearings of such broad dimension and scope were required in all cases or were not required, "* * * that in any event the basic issue is not whether there exists evidence which was unconstitutionally secured and made known to the petitioner, but rather, even assuming such a fact, whether it was the inducing or compelling cause of the entry of the guilty plea. If it was not,

then it cannot be successfully maintained that the guilty plea was, on that asserted ground, other than freely and intelligently made." At 433.

We believe it clear that when a guilty plea, otherwise effectively accepted, follows a ruling by the trial court that challenged evidence is admissible, the propriety of the ruling is subject to review only under post conviction procedures, and then only under an allegation properly presented [4] and a finding by the lower court after hearing that the ruling admitting the evidence was the inducing or compelling cause of the entry of the guilty plea.[5] It is under such circumstances that the legality *vel non* of the obtaining of the evidence is to be determined. If, upon such determination, the seizure of the challenged evidence is found to be constitutionally valid, the ruling admitting it was proper. When the ruling is proper, it may not serve to render the plea involuntary. On the other hand, if the finding is that the plea was induced or compelled by the ruling and if the determination is that the ruling was improper, it follows that the plea was not voluntarily made. The holdings of the hearing court may be presented to us by application for leave to appeal by any person aggrieved thereby. Code, Art. 27, § 645-I.

## IV

We hold, on the record before us, that any error in the trial court's denial of Deyermond's motion to suppress the evidence was waived by the tender of the plea of guilty by Deyermond and its effective acceptance by the court. Thus, on this appeal, the propriety of the denial of the motion to suppress is not properly before us, and we do not decide whether there was probable cause for the issuance of the warrant under which the challenged evidence was seized.

> *As to each appellant: judgment*
> *affirmed.*
> *Each appellant to pay one-half of*
> *the costs.*

---

**4.** The allegation is not "properly presented" if it is deemed to have been waived under Code, Art. 27, § 645A (c) and Rule BK 48.

**5.** If the hearing court determines that the ruling admitting the evidence was not the inducing or compelling cause of the entry of the guilty plea, the lawfulness *vel non* of the obtaining of the evidence is immaterial.