## JACOBS *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 75, September Term, 1962.]

*Decided July 15, 1963.*

Before the full Court.

HAMMOND, J., delivered the opinion of the Court.

In October 1961 Nathaniel J. Jacobs pleaded guilty to armed robbery and was sentenced to twenty years in the Maryland Penitentiary. No appeal was taken. On April 26, 1962, he filed a petition under the Uniform Post Conviction Procedure Act (the Act) in which he set forth the following grounds for relief: (1) his arrest was illegal, having been made without a search and seizure warrant; (2) he was not allowed to contact his family or counsel promptly after his arrest; (3) he was not identified by any witness as having participated in the robbery; (4) no State's witness claimed he saw a weapon; (5) the court denied him the right to have defense witnesses; (6) the statement produced in court was not the same statement he gave to the police; (7) the police engaged counsel for him in order to induce him to confess; (8) bias and prejudice on the part of the trial judge; (9) the police obtained his signature to his statement through fear, coercion, trickery and fraud, and without advising him of his rights to a lawyer; and (10) his counsel induced him to plead guilty, in expectation of receiving a lighter sentence.

After a hearing on the petition, at which Jacobs was represented by court-appointed counsel, Judge Allen, before whom the matter came, denied the relief sought on all points raised. In so doing, he disposed of contentions 2, 5 and 7 by making specific findings of fact against the petitioner.

The petitioner's claim that the statement produced in court was not the same as the one he gave to the police is unsustainable since he challenges only its form (he says the statement he signed was handwritten whereas that read by the State's Attorney to the court was typewritten) and not its substance. Additionally, there was no objection on this ground when the statement was read to the court at the trial; thus, it is not available now. *Strosnider v. Warden,* 228 Md. 663, 666.

A review of the transcript of the original proceedings indicates that the allegation of bias and prejudice on the part of the trial judge is without merit. The particular act of prejudice alleged, in the words of the defendant, was that the judge told his counsel "to shut up because no matter what he may

say, he has no doubt in his mind that I am guilty." The transcript reveals that the judge, in response to the request of the defendant's attorney to put the defendant on the stand for the purpose of bringing out his background to aid in sentencing, said only that "it won't make any difference as far as I am concerned in the disposition of the case. I am going to leave it entirely in the hands of the parole board." He then permitted the defendant's record and background to be entered in the record.

The claim that the petitioner was wrongfully urged by his counsel, who was of his own choosing, to plead guilty in order to receive a lighter sentence, is refuted by the record. There is no allegation (and nothing otherwise to indicate to the contrary) that the plea was not entered entirely voluntarily or without the full knowledge of its consequences. Nor is it contended that an official of the State participated in any way in obtaining the guilty plea, a factor which, we have indicated, is necessary for relief in a contention of this nature. *Bennett v. Warden,* 223 Md. 664.

The first contention—illegality of arrest (there was no search or seizure, so the irrelevance of illegality of arrest based on lack of a search warrant is obvious)—would not have helped the applicant if he had stood trial and is unavailable on post conviction.

The ninth contention—involuntariness of the confession — could have been used as a defense at the trial, but it was not. Since the plea of guilty was voluntarily and knowingly made, the applicant cannot now be heard to say his confession was involuntary, particularly since he actually challenges only its form.

Allegations 3 and 4 go to the sufficiency of the evidence. The plea of guilty obviated the need for evidence and makes the sufficiency of the evidence now a matter beyond the reach of the applicant.

*Application denied.*