HANKS, JR. *v.* WARDEN OF THE MARY-
LAND PENITENTIARY

[App. No. 24, September Term, 1963.]

*Decided October 21, 1963.*

Before the full Court.

PER CURIAM.

Napoleon Hanks, Jr., was indicted, along with three other persons, for robbery with a deadly weapon. At his arraignment in the Criminal Court of Baltimore on October 5, 1961, he pleaded "not guilty." Subsequently, in open court on October 19, 1961, he changed his plea to guilty, and Hanks and his three fellow felons were each sentenced to twenty years in the Maryland Penitentiary by Judge Joseph Carter. No appeal was taken. (At both of the above mentioned proceedings Hanks was represented by counsel employed by his family.)

On January 23, 1963, Hanks filed a petition under the Uniform Post Conviction Procedure Act in which he set down the following grounds for relief:

(1) an improper search and seizure had occurred;

(2) evidence was obtained illegally without a warrant;

(3) no probable cause existed for his arrest;

(4) no offense had been committed in a police officer's presence;

(5) his conduct did not establish cause to be arrested without a warrant;

(6) the State failed to prove the *corpus delicti;*

(7) the prosecuting witness did not testify;

(8) his counsel was not permitted to cross-examine the State's witnesses;

(9) the statement made by the prosecuting witness was not made until four months after the happening of the crime, and, therefore, was not with the *res gestae;*

(10) the evidence presented was insufficient to convict;

(11) since he entered a plea of guilty he should have been granted clemency.

Judge Prendergast, after a hearing, denied Hanks relief on the ground that he had voluntarily pleaded guilty, knowing fully the effect and consequences of his plea.

The record before us offers nothing to suggest that Judge Prendergast's finding on this point was not correct. After a voluntary and knowing plea of guilty, no evidence is necessary on the question of guilt. The inquiry is then as to the facts and circumstances of the occurrence which constituted the crime admitted by the guilty plea of the accused, and as to his background. This being so, the first ten errors on the part of the State relied on by Hanks lose any significance they otherwise might have. *Biles, Jr. v. State,* 230 Md. 537; *Buffington v. State,* 230 Md. 423; *Moyer v. State,* 225 Md. 156.

The answer to Hanks' eleventh claimed ground for relief— that because he had entered a plea of guilty he should have been granted clemency or given a lighter sentence—was given by Judge Prendergast when he stated that neither Hanks' statement at the hearing that he knew that his plea of guilty would subject him to punishment for his crime but that "he expected a lighter sentence than the one he received," nor his request at that time for "a lighter sentence if he can possibly get one," afforded him any basis for relief.

*Application denied.*