PLITT *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 107, September Term, 1963.]

*Decided February 12, 1964.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

HENDERSON, J., delivered the opinion of the Court.

This applicant for leave to appeal from a denial of post conviction relief pleaded guilty to the fourth count of a burglary indictment, receiving stolen goods, and was sentenced to five years in December, 1961. He was referred to Patuxent Institution for examination, and subsequently found to be a defective delinquent. In his present petition he raised several contentions which, we think, were correctly rejected by Judge Jones in the court below. As to his principal contention, we may supplement her opinion by referring to three very recent decisions of this Court. (Two of them were decided and all three of them were published in the Maryland Advance Sheets after her opinion had been filed.)

The petitioner's principal contention is that he was convicted upon evidence obtained as a result of an unlawful search and seizure, citing *Mapp v. Ohio,* 367 U. S. 643. In rejecting this contention, Judge Jones pointed out that if the petitioner had a defense based upon constitutional grounds he waived such a defense by pleading guilty, and that constitutional rights may be waived. To the cases which she cited in support of these conclusions we add *Jenkins v. State,* 232 Md. 529, 532-33, and cases therein cited. *Jacobs v. Warden,* 232 Md. 627, 629; and *Hanks, Jr. v. Warden,* 232 Md. 661, 663. As we said in the *Hanks* case, "After a voluntary and knowing plea of guilty, no evidence is necessary on the question of guilt." The plea itself results in a conviction of the highest order, as we have often stated.

There is nothing to suggest that Judge Jones was in error in finding that the petitioner's plea of guilty was voluntarily and knowingly made.

*Application denied.*