FRAZIER *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 60, September Term, 1965.]

*Decided June 28, 1966.*

Before HAMMOND, HORNEY, MARBURY, BARNES and Mc-WILLIAMS, JJ.

PER CURIAM.

Charles Francis Frazier (applicant) was indicted in ten separate indictments numbered 4495/63 through 4504/63. The offenses charged included forgery, false pretenses, storehouse breaking, larceny and possession of a deadly weapon.

When the case was brought on for trial and disposition before Judge Cullen, the applicant tendered pleas of *nolo contendere* in indictments 4495, 4496 and 4497 and these pleas were accepted by the court and sentence imposed under the first count in each indictment, charging forgery, for a total of four years in the Maryland Penitentiary. The sentences were concurrent. In indictments numbered 4498, 4499, 4501, 4502 and 4504 Judge Cullen found the applicant guilty but suspended the sentences.[1]

In effect, the applicant contended in his petition for post conviction relief that his plea of *nolo contendere* was incorrectly accepted by Judge Cullen because the applicant had been illegally arrested and his automobile had been the subject of an illegal search. The applicant was arrested pursuant to an ar-

---

1. Stets were entered in indictments Nos. 4500 and 4503.

rest warrant obtained by Baltimore City police. No search warrant, however, was procured and there is a question as to whether the applicant's car was searched legally incident to his lawful arrest or whether the fact that a police officer looked in and viewed a revolver protruding from under the seat of the applicant's automobile would have, of itself, justified a search of the car. Cf. *Shipley v. State,* 243 Md. 262, 220 A. 2d 585 (1966). *Crowe & Williston v. State,* 240 Md. 144, 213 A. 2d 558 (1965); *Johnson v. State,* 238 Md. 528, 209 A. 2d 765 (1965) and *Corbin v. State,* 237 Md. 486, 206 A. 2d 809 (1965).

In *Cohen v. State,* 235 Md. 62, 68-70, 200 A. 2d 368 (1964) Judge Sybert, writing for the Court, said:

"By pleading *nolo contendere,* he waived his right to object to the alleged procedural defects and his right to have them considered on appeal. * * *

"Maryland has long recognized that when a person pleads guilty, the judgment entered on the plea cannot ordinarily be reviewed on appeal if the plea was made freely and voluntarily with full understanding of its nature and effect, and the judgment properly entered. * * * This Court has stated that the effect of a plea of guilty is to waive proof of any facts alleged in the indictment, but not objection to the indictment on the ground that the facts alleged did not constitute an indictable offense, nor objections relating to the jurisdiction of the court to try the defendant. * * * These cases, though involving pleas of guilty, are analogous to the present case wherein a *nolo contendere* plea was entered, since a 'plea of nolo contendere is an implied confession of guilt, and for the purposes of the case is equivalent to a plea of guilty.'

"* * * While the appellant argues that some of the matters which we now hold to have been waived (such as the right to a speedy arraignment and trial) involve constitutional rights that 'may have been submerged and denied', it has often been stated that even a constitutional right may be waived. * * * Thus, the only questions properly before us for review in the

present case are: whether the indictment underlying the judgment below, as well as the statute upon which it was based, failed to provide sufficient notice of the crime charged; and, whether the plea was voluntarily and freely made with a full knowledge of its nature."

See also *Lifshutz v. State,* 236 Md. 428, 436, 204 A. 2d 541 (1964).

In *Ogle v. Warden,* 236 Md. 425, 204 A. 2d 179 (1964) and *Plitt v. Director,* 234 Md. 602, 197 A. 2d 252 (1964) we held that a plea of guilty, freely and intelligently made, waived any procedural defect inherent in an unlawful search and seizure. This same rule applies in regard to a plea of *nolo contendere,* which plea should be treated as governed by the same waiver rules as are applied in cases involving pleas of guilty. *Cohen v. State, supra.*

In his petition for post conviction relief the applicant sought, in effect, to withdraw his plea of *nolo contendere.* No jurisdictional defect is alleged or shown in this case; the applicant can prevail only if he can show that his plea was "not made freely and voluntarily with full understanding of its nature and effect." The legality or illegality of the search of the applicant's automobile would be immaterial if it be established that his plea of *nolo contendere* was voluntarily made.

The trial court, however, did not pass on whether the applicant's plea was freely and voluntarily tendered. This case will be remanded for a hearing and a finding of fact on that issue.

Pleas of *nolo contendere* were accepted by the trial court in indictments numbered 4495, 4496 and 4497. The docket entries indicate, however, that verdicts of guilty were erroneously entered as to each of those indictments. Maryland Rule 723 c. Upon remand the trial court is instructed to strike those verdicts from the record in this case. Maryland Rule 765.

> *Application granted, case remanded for further proceedings and for striking out of the verdicts in indictments numbered 4495, 4496 and 4497.*