**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Danny Michael FELTMAN and Antoinette Feltman, Defendants-Appellant.**

**No. 71–1048.**

United States Court of Appeals, Tenth Circuit.

Oct. 22, 1971.

Rehearing Denied Dec. 1, 1971.

Simon B. Spradlin, Oklahoma City, Okl., for defendant-appellant.

Jeff R. Laird, First Asst. U. S. Atty. (William R. Burkett, U. S. Atty., on the brief), for plaintiff-appellee.

Before PHILLIPS, HOLLOWAY and DOYLE, Circuit Judges.

ORIE L. PHILLIPS, Circuit Judge.

Feltman and his wife, Antoinette Feltman, were jointly charged by indictment with causing to be transported in interstate commerce a forged and false security, knowing the same to have been forged and falsely made in violation of 18 U.S.C. § 2314 (paragraph 3).

On October 29, 1970, Feltman appeared for arraignment with his court-appointed lawyer, Charles D. Crandall, and entered a plea of not guilty. Antoinette first entered a plea of not guilty. Later, on November 18, 1970, she changed her plea to nolo contendere, and on December 9, 1970, was sentenced to three years' imprisonment, but execution of the sentence was suspended and she was placed on probation.

On November 18, 1970, Feltman appeared in open court with his court-appointed lawyer, and with the court's consent withdrew his plea of not guilty and entered a plea of nolo contendere.

Before the plea of nolo contendere was entered, Feltman assured the court he understood the charge and the penalty, understood that the plea of nolo conten-

dere would be treated by the court in the criminal proceeding the same as a plea of guilty and that the penalty would be the same; that he had received no promises, inducements, mistreatment, or coercion, and that he was satisfied with his court-appointed lawyer. Feltman further stated to the court that he committed the offense with which he was charged.

On December 4, 1970, Feltman filed a motion to withdraw his plea of nolo contendere. As grounds for the motion he set up:

1. That he did not in fact believe he was guilty of the offense charged; and

2. That his previous plea of nolo contendere was induced by the expectation that he would receive leniency from the court when it imposed sentence upon him.

The court accorded Feltman a full and fair hearing on his motion. On December 3, 1970, Feltman had employed Simon B. Spradlin as counsel. Spradlin prepared the motion, represented Feltman at the hearing thereon, and represents him on this appeal.

In March 1970, Feltman was being held in jail in Denver, Colorado, on a parole violation charge. He testified that while he was so incarcerated, on March 27 or 28, 1970, he had two conversations with one Farmer, an F.B.I. Agent for the District of Denver, who was investigating the transportation of the forged check charge; that Farmer took a statement from him the first day he came to see him; that Farmer told him he would call Oklahoma City and check the information Feltman had given him, and that he would then come to see Feltman again; that on the next day Farmer came to see him and told him the investigation had to do with the offense of interstate transportation of a forged security; that they were looking for Antoinette and if he would cooperate with them and help them find Antoinette, no charge would be brought against him for such offense, and if it was, "my cooperation * * * would help me."

He further testified that he did not feel he was guilty of transporting in interstate commerce a forged check, and that following the second conversation he was released.

After the direct and cross-examination at the hearing were completed, the court asked Feltman a number of questions with respect to the answers he made to questions propounded to him by the court when he was permitted to enter his plea of nolo contendere, and particularly, when asked by the court, " * * * did you commit the offense with which you are charged; that is, did you, along with your wife, cause this $1200 check, which was forged, to be transported in interstate commerce * * *?" He answered, "Yes, sir, I did." The court further asked Feltman how he came to make that statement then, and now denied he committed the crime. Feltman answered, " * * * actually, I did commit the crime."

The record clearly shows that Feltman's statements, made to the court when he entered a plea of nolo contendere, were directly contradictory to what he testified to at his motion to withdraw such plea.

In its opinion in Dorton v. United States, decided August 13, 1971, 10 Cir., 447 F.2d 401, at 411, this court stated:

"There is no absolute right to withdraw a plea of guilty, even before the imposition of sentence, and whether such a withdrawal shall be permitted rests within the sound discretion of the court. But an application to withdraw a plea of guilty, made before imposition of sentence, will be considered carefully and with more liberality in favor of the accused than when such an application comes after the imposition of sentence.

" 'This does not mean that every motion for withdrawal before sentence should be granted. There is no absolute right to withdraw a plea, and the right to do so is within the sound discretion of the trial court.' " (See cases cited in notes 5, 6 and 7 thereto.)

After the denial of the motion to withdraw his plea of nolo contendere, the court sentenced Feltman on the plea of nolo contendere to 18 months in the custody of the Attorney General.

After carefully examining the arraignment proceedings, the proceedings when the plea of nolo contendere was permitted to be entered, and the proceedings on the motion to withdraw the plea of nolo contendere, we are fully convinced that the court did not abuse its discretion in denying the motion.

Affirmed.