**Herman Tracy CLARK, Petitioner,**

v.

**WESTERN DISTRICT OF OKLA-
HOMA, Respondent.**

**Civ. No. 75–0480–D.**

United States District Court,
W. D. Oklahoma,
Civil Division.

June 16, 1975.

Herman Tracy Clark, pro se.

## ORDER

DAUGHERTY, Chief Judge.

The court has examined the Motion Pursuant to Section 2255 of Title 28, U.S.C. presented to the clerk of this court together with the Motion for Leave to Proceed in Forma Pauperis and required affidavit by the above-named petitioner.

It appears therefrom that the petitioner is confined in the Federal Reformatory at El Reno, Oklahoma by virtue of the judgment and sentence of this court in case No. CR–75–32. Therein, after a counseled plea of nolo contendere he was convicted of the offense of Bank Robbery in violation of Title 18, United States Code Section 2113(a), (d) and (e) and on March 3, 1975 sentenced to life imprisonment. There was no direct appeal. As grounds for relief he alleges:

1. That he was the victim of an illegal search and seizure.

2. That he was denied counsel at his arraignment.

3. That he was denied the effective assistance of counsel.

The Motion is frivolous and wholly without merit. The record reflects the petitioner was charged by complaint with the offense of Bank Robbery in violation of 18 U.S.C. § 2113(a), (d) and (e). After an initial appearance before the magistrate, Mr. Marvin B. York was appointed counsel for the petitioner on January 8, 1975. The Indictment was returned on January 17, 1975. On January 22, 1975, the petitioner appeared before the court with his court appointed attorney and entered a plea of not guilty to the one count of the Indictment. On February 3, 1975, Mr. York filed in behalf of the petitioner

Motions for Change of Venue, Determination of Mental Competency, To Suppress, For Discovery and Inspection, For Discovery of Grand Jury Testimony, and For Exculpatory Information. On February 4, 1975, the court entered an Order for a psychiatric examination of the petitioner by Dr. Moorman P. Prosser. On February 7, 1975 his psychiatric report was received. On February 5th Mr. York filed his Motion to Withdraw as attorney for the petitioner and Mr. David T. Cook was thereupon immediately appointed as new counsel for the petitioner. Thereafter, on February 12, 1975, a hearing on the mental competency of the petitioner was conducted by the court with petitioner present in person and with his attorney, Mr. Cook. The petitioner accepted the report of Dr. Prosser, the examining psychiatrist, and presented no other evidence. The court, then found that the petitioner knew right from wrong at the time of the offense, could then control his conduct and impulses, understood the proceedings and was capable of assisting in his defense and concluded that the petitioner was mentally competent and directed the trial to proceed. Following this, the petitioner withdrew his plea of not guilty and entered a plea of nolo contendere to the Indictment. The court acceped his plea of nolo contendere and referred· the petitioner to the probation officer for presentence report. On March 3, 1975, the petitioner appeared in court with his attorney Mr. Cook and was by the court sentenced to the custody of the Attorney General for the remaining years of his natural life on the one count of the Indictment.

■ For all practical purposes the plea of nolo contendere is treated the same as a plea of guilty. *Fisher v. Schilder,* 131 F.2d 522 (CA10 1943). See also *United States v. Feltman,* 451 F.2d 153 (CA10 1971). Such a plea waives all non-jurisdictional defects in the proceedings against the accused. *United States v. Grayson,* 416 F.2d 1073 (CA5 1969), cert. denied, 396 U.S. 1059,

90 S.Ct. 754, 24 L.Ed.2d 753, reh. denied, 399 U.S. 917, 90 S.Ct. 1114, 25 L.Ed.2d 415. Therefore, assuming the truth of petitioner's claim of unlawful search, nevertheless "a plea of guilty [nolo contendere] voluntarily made forecloses an accused's right to object to the manner in which he was arrested or how the evidence may have been obtained against him. The plea is a waiver of all non-jurisdictional defenses and a sentence which would follow such a plea of guilty [nolo contendere] is a result of the plea and not the evidence theretofore obtained." *Mahler v. United States,* 333 F.2d 472, 474 (CA10 1964), cert. denied, 379 U.S. 993, 85 S.Ct. 709, 13 L.Ed.2d 613; *United States v. Doyle,* 348 F.2d 715 (CA2 1965), cert. denied 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84; *Bailey v. United States,* 324 F.2d 632 (CA10 1963); *Atkins v. State of Kansas,* 386 F.2d 819 (CA10 1967).

■ There is simply no truth in petitioner's assertion that he was arraigned without counsel or that he was denied the effective assistance of counsel. As indicated by the record counsel was present at arraignment and the two attorneys who were appointed ·by the court vigorously investigated the petitioner's case and all available defenses. The plea of nolo contendere was a carefully considered plea tendered to avoid possible consequences of the plea in a pending state prosecution for murder arising out of the same series of events. Assuming that petitioner's attorney did, as petitioner alleges, predict that if petitioner went to trial he would be found guilty and receive the maximum penalty but that if he entered a plea he would receive a lesser sentence, this does not render his plea invalid or entitle him to an evidentiary hearing. No evidentiary hearing is required if the petition is supported only by factual allegations not legally capable, even if believed, of justifying a finding in his favor. *Holland v. United States,* 406 F.2d 213 (CA5 1969). The court may take judicial notice that the petitioner's attorney was an

able member of the bar. *Lorraine v. United States,* 444 F.2d 1 (CA10 1971); *Mitchell v. United States,* 432 F.2d 94 (CA10 1970); *United States v. Summerlin,* 298 F.Supp. 929 (M.D.Ala.1969). An attorney may offer his client a prediction, based upon his experience or instinct, of the sentence possibilities which he should weigh in determining upon a plea. *Wellnitz v. Page,* 420 F.2d 930 (CA10 1970). Where a defendant has no defense to the merits of a criminal charge, counsel's duty to his client does not conflict with the sense of responsibility to the court and the public and all may well dictate that counsel advise his client to enter a plea of guilty. *United States v. Jones,* 392 F.2d 567 (CA4 1968), cert. denied, 393 U.S. 882, 89 S. St. 186, 21 L.Ed.2d 156. As observed by the court in *Schnautz v. Beto,* 416 F.2d 214, 215 (CA5 1969):

".  .  . All pleas of guilty are the result of some pressures or influences on the mind of the defendant. This is a good time to make it plain that when a defendant has counsel, as he did here, that counsel is the manager of the lawsuit. If the best professional advice that a lawyer can give is to enter a guilty plea and the accused relies on his lawyer's expertise, the accused cannot later successfully urge that the plea was involuntary on the basis of counsel's coercion." 416 F.2d at 215.

A guilty plea is not invalid because it is motivated by the desire of the accused to accept the certainty or probability of a lesser penalty rather than face a wide range of penalties extending from acquittal to the death penalty. *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Scheer v. Patterson,* 429 F.2d 907 (CA10 1970). Nor is it rendered involuntary because it is entered upon the advice of competent counsel that it would be to his advantage to do so. *North Carolina v. Alfred,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970).

The burden on the petitioner to establish a claim of ineffective assistance of counsel is great in any case. *Ellis v. Oklahoma,* 430 F.2d 1352 (CA10 1972). Unless the court can say that the incompetency of the attorney was such as to amount to making the proceedings a mockery, sham or farce collateral relief must be denied. *Basker v. Crouse,* 426 F.2d 531 (CA10 1970); *Frand v. United States,* 301 F.2d 102 (CA10 1962). The only required duty of counsel when a plea of guilty is entered is that counsel should ascertain if the plea is entered voluntarily and knowingly. *Lamb v. Beto,* 423 F.2d 85 (CA5 1970). As Judge now Chief Justice Burger stated in *Edwards v. United States,* 103 U.S. App.D.C. 152, 256 F.2d 707 (1958):

"It must be realized that this is not a case in which proof of guilt depended upon a trial. In such cases the accused usually relies to a great extent on counsel to conduct an effective defense, because the accused does not know enough of the law to do so himself. . . . But this is not so when he pleads guilty. Here the deed is his own; here there are not the baffling complexities which require a lawyer for illumination; if voluntarily and understandingly made, even a layman should expect a plea of guilty to be treated as an honest confession of guilt and a waiver of all defenses known and unknown. And, such is the law." 256 F.2d at 709.

Here the petitioner knew that his plea of nolo contendere would be treated like a plea of guilty. He was fully informed of the consequences of his plea and knew that the court could sentence him to the maximum penalty under the statute. There are here no factual allegations sufficient to demonstrate a breach of duty by petitioner's counsel or that his advice was not within the range of competence required of him.

The petitioner's application together with the files and records of petitioner's criminal case conclusively show the peti-

tioner is not entitled to relief and there are no material issues of fact. Therefore, there is no necessity for this court to hold an evidentiary hearing. *Semet v. United States*, 369 F.2d 90 (CA10 1966).

Since the application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C. § 1915(a) leave to proceed in forma pauperis is granted and the clerk is directed to file the case. The Motion will then be denied.

It is so ordered.