(602 P.2d 129)
No. 51,010

RICHARD M. LILL, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed November 9, 1979.

*Jim Lawing* of Lawing and Gregory, P.A., of Wichita, for the appellant.

*Stuart W. Gribble,* assistant district attorney, *Robert J. Sandilos,* assistant district attorney, *Vern Miller,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before REES, P.J., ABBOTT and SPENCER, JJ.

SPENCER, J.: This is an appeal from an order which denied petitioner's motion filed pursuant to K.S.A. 60-1507.

Petitioner was originally charged with possession of cocaine. After his motion to suppress evidence was overruled, petitioner entered a voluntary plea of nolo contendere. A judgment of conviction was entered and sentence was rendered. Petitioner then sought to obtain review of the denial of his motion in an appeal to this court, which appeal was dismissed December 21, 1978. Petitioner subsequently sought relief pursuant to K.S.A. 60-1507, which was denied by the district court, and this appeal followed.

Petitioner contends his motion to suppress evidence should have been sustained because the evidence he sought to suppress was illegally obtained and he is therefore entitled to be discharged from his sentence pursuant to K.S.A. 60-1507.

Assuming *arguendo* that the evidence was illegally obtained and the motion to suppress should have been granted, petitioner ignores the effect of his plea of nolo contendere. That plea is defined in K.S.A. 22-3209(2) as follows:

"A plea of *nolo contendere* is a formal declaration that the defendant does not contest the charge. When a plea of *nolo contendere* is accepted by the court, a finding of guilty may be adjudged thereon. The plea cannot be used against the defendant as an admission in any other action based on the same act."

The foregoing was added to our code of criminal procedure in 1970 to bring it into conformity with the federal rules. Seaton & Wilson, *Notes on the Code of Criminal Procedure*, 39 J.B.A.K. 97, 166 (1970). However, prior to that time the effect of the plea was considered and set forth in *Federal Deposit Ins. Corp. v. Cloonan*, 165 Kan. 68, Syl. ¶ 1, 193 P.2d 656 (1948):

"The so-called plea of *nolo contendere*, sometimes permitted in the federal court but not used in our state practice, is but a formal declaration by the accused that he will not contend with the prosecuting attorney under the charge. It is in the nature of a compromise between the government and the accused and may indicate the government does not care to prosecute. The accused may not make it as a matter of right. It is allowable only by leave of and acceptance by the court. When accepted by the court it becomes an implied confession of guilt for the purpose of that case only. It cannot be used against the accused as an admission in any civil suit involving the same matters."

As stated in Annot., 89 A.L.R.2d 540, 579:

"As to the legal effect of the plea of nolo contendere after it has been offered by the defendant and accepted by the court, most of the cases hold that the plea of nolo contendere, when accepted by the court, becomes an implied confession of guilt, and, for the purposes of the case only, equivalent to a plea of guilty."

Other courts faced with the identical issue now before us have denied post-conviction relief. See *Clark v. Western District of Oklahoma*, 399 F. Supp. 305 (W.D. Okla. 1975); *Frazier v. Warden*, 243 Md. 676, 221 A.2d 60 (1966).

When the plea of nolo contendere is accepted by the court, a finding of guilty may be adjudged thereon and there is no need for the State to introduce evidence of the offense. Conditions for acceptance of the plea as set forth in K.S.A. 22-3210 are identical to those for acceptance of a plea of guilty. Furthermore, the right to appellate review of a conviction entered upon either a plea of guilty or of nolo contendere is limited by the provisions of K.S.A. 1978 Supp. 22-3602(*a*), which provides:

"[N]o appeal shall be taken by the defendant from a judgment of conviction before a district judge or associate district judge upon a plea of guilty or *nolo contendere, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507.*" Emphasis supplied.

Defendant's formal declaration that he did not contest the charge against him, his plea of nolo contendere, is tantamount to a plea of guilty, limited only as provided by K.S.A. 22-3209(2). See Authors' Comments, Vernon's Kansas C. Crim. Proc. § 22-

3209, p. 39 (1973). A conviction based on a plea of nolo contendere may be collaterally attacked only on "jurisdictional or other grounds going to the legality of the proceedings . . . ." The order which denied the motion to suppress evidence in this case does not provide those grounds.

In the case of *Dexter v. Crouse,* 192 Kan. 151, 386 P.2d 263 (1963), defendant sought a writ of habeas corpus contending that the judgment and sentence were founded on evidence which he alleged was obtained by illegal search and seizure. It was there stated:

"The fallacy in all claims made by him on this point rests in the fact that such judgment was based on his voluntary plea of guilty to the crimes charged in the information without the introduction of any evidence whatsoever.

"It has long been the law of this state that once a plea of guilty has been voluntarily entered by a defendant in a criminal action there is absolutely no need to introduce any evidence to maintain a conviction. [Citations omitted.]

"Moreover, this court has repeatedly held that a defendant's voluntary plea of guilty in a criminal case is a confession of guilt of the crime charged and of every fact alleged in the charge, and that, legally speaking, it is the most formal and binding confession possible for him to make. [Citations omitted.]" 192 Kan. at 152-153.

As stated in *Perry v. State,* 200 Kan. 690, 693, 438 P.2d 83 (1968):

"It is the law of this jurisdiction that where an accused appears in open court with his counsel and freely and understandingly enters a plea of guilty with full knowledge of the consequences of such plea, the requirements of the Fourteenth Amendment to the Constitution of the United States, making obligatory the provisions of the Sixth Amendment to the Constitution upon the states, have been fully complied with and the application under 60-1507 for post-conviction relief will be denied. [Citations omitted.]"

The foregoing is equally applicable to a plea of nolo contendere.

Petitioner's reply brief on file with this court asserts that he was not informed of the consequences of his plea of nolo contendere in that he was not advised at the time he entered his plea that he was waiving his rights to appeal or to bring a habeas corpus action. It is therefore contended the trial court failed to discharge its duty. This ground was not contained in petitioner's 1507 motion, nor was it presented to the trial court. Where constitutional grounds for reversal of a judgment are asserted for the first time on appeal, they are not properly before the appellate court for review. *State v. Budden,* 226 Kan. 150, Syl. ¶ 3, 595 P.2d 1138 (1979). Furthermore, we have not been favored with a transcript of the proceedings had when petitioner made his plea. It is

incumbent upon the appellant to include in the record on appeal any matter upon which he intends to base a claim of error. *State v. Wilson & Wentworth,* 221 Kan. 359, Syl. ¶ 4, 559 P.2d 374 (1977).
  Affirmed.