NOT DESIGNATED FOR PUBLICATION

No. 126,221

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES M. COCHRAN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed March 14, 2025. Affirmed.

*James M. Cochran*, appellant pro se.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., GARDNER and HURST, JJ.

PER CURIAM: James M. Cochran appeals the district court's summary dismissal of his second K.S.A. 60-1507 motion, filed more than seven years after his convictions became final. The district court dismissed Cochran's motion as untimely. Cochran argues his motion established exceptional circumstances, permitting the court to consider his otherwise procedurally barred motion by showing a colorable claim of actual innocence. He asks us to remand for an evidentiary hearing on the merits of his claim.

1

After considering these claims closely, we conclude that Cochran's second K.S.A. 60-1507 motion was untimely and he has failed to demonstrate manifest injustice or a colorable claim of actual innocence. Thus, we affirm the district court's summary denial of Cochran's K.S.A. 60-1507 motion.

*Factual and Procedural Background*

The underlying facts can be found in *State v. Cochran*, No. 110,019, 2014 WL 4080162, at *1-2 (Kan. App. 2014) (unpublished opinion) (*Cochran I*). In short, Cochran was charged with three off-grid counts of rape of a child under the age of 14 in violation of K.S.A. 2010 Supp. 21-3502(a)(2) after he admitted having sexual intercourse with K.N.P. three times in December 2010 and to paying cash for these encounters arranged by an escort service.

Cochran later accepted a plea agreement and pleaded no contest in exchange for the State's recommendation of a downward departure to the Revised Kansas Sentencing Guidelines Act sentencing grid. The plea also permitted Cochran to request an additional durational departure of up to one-half of the guidelines' sentence.

> "At sentencing, Cochran argued his motion to depart to one-half the guidelines sentence. He explained he was not a predator and only used an escort service because he was lonely. Cochran argued K.N.P. was a willing participant who had told him she was at least 18 years old, reducing the degree of harm compared to other types of sex crimes against children. The district court denied Cochran's additional request to depart to one-half the guidelines sentence and sentenced him to the mitigated sentence for a criminal history score of H on each count. Although the district court ordered the sentences to run consecutively, the total sentence was capped at twice the base sentence for a total of 332 months in prison." *Cochran I*, 2014 WL 4080162, at *2.

Cochran filed a direct appeal, in which he argued the district court abused its discretion by denying his departure motion, failed to apply the identical offense doctrine, violated his constitutional right to a speedy trial, and violated his constitutional rights by improperly using his criminal history in sentencing. But another panel of this court found these arguments meritless and affirmed Cochran's convictions and sentence. *Cochran I*, 2014 WL 4080162, at *6. The mandate issued on July 24, 2015.

On July 19, 2016, Cochran filed a K.S.A. 60-1507 motion alleging eight errors, including that his trial and appellate attorneys were ineffective, the district court judge erred on evidentiary rulings, the prosecutor erred, and he was denied various constitutional rights. A year after filing that first motion, but before the district court had considered it, Cochran filed an amended motion. That motion alleged multiple errors. It claimed his trial counsel was ineffective because:

- Trial counsel insisted there was no defense to the crimes charged even though Cochran asserted that he did not know his victim was 13 years old;
- he failed to inform Cochran of the possible sentences he might receive as a result of his no-contest plea;
- he failed to have Cochran psychologically evaluated before the plea agreement and failed to rely on Cochran's depression as a mitigating factor at sentencing;
- he failed to object to a picture of Cochran's victim being admitted as evidence; and
- he failed to preserve Cochran's right to a speedy trial.

Cochran also alleged in his amended motion that the district court failed to inform him of the possible sentence he might face as a result of his plea; that he was legally innocent because he did not intend to have sexual intercourse with a minor; and that his conviction was manifestly unjust.

3

After hearing arguments, the district court summarily dismissed Cochran's motion, finding that he was not entitled to relief. Cochran appealed, yet another panel of this court affirmed the district court's summary denial of his motion. *Cochran v. State*, No. 122,091, 2020 WL 6816336, at *5 (Kan. App. 2020) (unpublished opinion) (*Cochran II*).

On August 25, 2022, Cochran filed his second 60-1507 motion, which is the subject of this appeal. It argues that (1) he is actually innocent; (2) the State failed to prove an essential element of the crime—that K.N.P. was under 14 years of age; (3) the district court lacked subject matter jurisdiction when the district court judge "acquitted [Cochran], albeit 'by mistake'"; (4) the district court lacked subject matter jurisdiction because of its "lack of strict compliance with K.S.A. 2010 Supp. 21-3102, K.S.A. 2010 Supp. 21-3109, and the First, Sixth, Thirteenth, and Fourteenth Amendments to the United States Constitution" and "lacked compliance with K.S.A. 21-3502"; and (5) his sentence was imposed without jurisdiction, rendering it illegal. Cochran acknowledged his motion was untimely but asserted that this untimeliness should be excused because he is actually innocent. He claimed he is actually innocent because his "physical contact" with K.N.P. was "accidental," he did not know K.N.P. was 13 years old, the State could not prove that K.N.P. was 13 years old, and there was evidence that K.N.P. was 14 years old at the time of the crimes.

In response, the State argued that Cochran's motion was untimely, he gave no reason why he failed to timely file his motion, and he failed to establish a colorable claim of actual innocence.

The district court summarily denied Cochran's 60-1507 motion. In its order, citing K.S.A. 60-1507(f), the district court stated that the first step in assessing a 60-1507 motion is to determine whether it is timely, because if the motion is not timely the district court does not consider the merits. The district court found that Cochran's motion was more than six years late, and he failed to show how manifest injustice prevented him

from filing a timely motion. The district court acknowledged that Cochran tried but failed to make a colorable claim of actual innocence.

The district court addressed each of Cochran's four claims of actual innocence. First, it found that Cochran did not explain how his "physical contact" (sexual intercourse) with K.N.P. was "accidental" and did not explain how he did not intentionally rape K.N.P., providing no evidence or support for this claim. Second, it found that his assertion that he did not know K.N.P. was 13 years old failed because rape of a child is a strict liability offense; his knowledge of K.N.P.'s age was thus immaterial to his guilt. Third, the court held that Cochran's argument that the evidence and record insufficiently prove K.N.P.'s age was a collateral attack on the sufficiency of the evidence, which cannot be raised in a 60-1507 motion. Fourth, the district court found that Cochran provided no evidence that K.N.P. was 14 years old. The district court also found that his arguments about K.N.P.'s age were not new because Cochran had raised the same argument at his plea hearing. Accordingly, Cochran did not successfully assert a claim of actual innocence; his motion thus failed to successfully plead manifest injustice to excuse his untimeliness.

Cochran objected and asked the district court to reconsider its denial of his motion, claiming the order was not supported by fact or law and the State had used documents to mislead the district and appellate courts. The district court summarily denied that motion.

Cochran timely appeals, raising two arguments: (1) The district court erred by summarily denying his K.S.A. 60-1507 motion; (2) the district court's order denying his motion violated Supreme Court Rule 183(j) (2024 Kan. S. Ct. R. at 240).

*Did the District Court Err by Summarily Denying Cochran's 60-1507 Motion?*

Cochran first argues the district court erred by summarily denying his K.S.A. 60-1507 motion because he sufficiently argued he was actually innocent, which excused his motion's untimeliness. The State counters that Cochran failed to carry his burden to show his actual innocence—he did not show manifest injustice that would excuse his motion's untimeliness because he provided no new evidence to show his innocence.

When the district court summarily dismisses a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *State v. Vasquez*, 315 Kan. 729, 731, 510 P.3d 704 (2022).

A defendant must file a K.S.A. 60-1507 motion within one year from when his or her conviction becomes final. K.S.A. 2024 Supp. 60-1507(f). Cochran's conviction became final when the mandate issued in his direct appeal on July 24, 2015. See K.S.A. 2024 Supp. 60-1507(f)(1)(A) ("Any action under this section must be brought within one year of: (A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction.").

A court may extend the time limitation in K.S.A. 60-1507(f) only to prevent manifest injustice. K.S.A. 2024 Supp. 60-1507(f)(2). In making this manifest injustice determination, the court is limited to determining why the movant failed to file the motion within the one-year period or whether the movant makes a colorable claim of actual innocence. K.S.A. 2024 Supp. 60-1507(f)(2)(A). To establish a claim of actual innocence, the movant must show that "it is more likely than not that no reasonable juror would have convicted [him] in light of new evidence." K.S.A. 2024 Supp. 60-1507(f)(2)(A). The movant bears the burden to provide persuasive reasons or

6

circumstances that prevented him or her from filing the 60-1507 motion within the time limitation. See *Thuko v. State*, 310 Kan. 74, 83, 444 P.3d 927 (2019).

Cochran concedes that he filed this motion after the one-year deadline of K.S.A. 2024 Supp. 60-1507(f)(1)(A), and he points to no reason why he failed to file the motion within the one-year period. He argues only that this untimeliness should be excused because he can demonstrate manifest injustice and a colorable claim of actual innocence. We disagree.

Cochran does not establish it is more likely than not that no reasonable juror would have convicted him in light of *new* evidence, as our statute requires. See K.S.A. 2024 Supp. 60-1507(f)(2)(A). Rather, he continues to argue that he did not intentionally rape K.N.P., that his physical contact with her was accidental, that he did not know K.N.P. was 13 years old, and that the record does not establish beyond a reasonable doubt that K.N.P. was 13 years old.

These claims are not new evidence. At his plea hearing, Cochran made the same argument that he did not know the victim's age, although he admitted he had knowingly had sexual intercourse with her three times.

> "[COCHRAN]: I did not know . . . this person's age. They told me they were of age. I had no reason to believe they weren't of age. And that I would never have done that had I known.
> "I don't challenge it.
> "THE COURT: Okay. You don't challenge the fact that the child was 13 years of age when you had intercourse with her?
> "[COCHRAN]: No.
> "THE COURT: And you don't challenge the fact, as set forth by [counsel], that you knowingly committed an act of intercourse three different times as set forth in the Complaint/Information with this same person identified by the initials of KNP?

7

"[COCHRAN]: Correct."

Instead of raising new evidence to excuse his untimeliness, Cochran tries to cast doubt on the integrity of the evidence underlying his plea. This is best described as a challenge to the sufficiency of the evidence, not the foundation for an actual innocence claim. And we cannot review the sufficiency of the evidence in a K.S.A. 60-1507 proceeding. *Woods v. State*, 52 Kan. App. 2d 958, 967, 379 P.3d 1134 (2016) ("Moreover, our caselaw in Kansas is clear and longstanding. Where judgment and sentence have been entered upon a plea of guilty, there can be no review of the sufficiency of the evidence in a K.S.A. 60-1507 proceeding."); see *Lill v. State*, 4 Kan. App. 2d 40, Syl., 602 P.2d 129 (1979) ("[P]etitioner's plea of nolo contendere is tantamount to a plea of guilty."); *Brice v. State*, No. 127,155, 2024 WL 4719116, at *3 (Kan. App. 2024) (unpublished opinion) (Attacking sufficiency of the evidence does not equate to showing new evidence to plead actual innocence to excuse 60-1507 motion's untimeliness.), *petition for rev. filed* December 9, 2024.

Cochran's motion was untimely under K.S.A. 2024 Supp. 60-1507(f)(1), and no statutory exception excuses this delay. Thus, the district court did not err by summarily denying his K.S.A. 60-1507 motion as untimely.

*Did the District Court's Order Violate Kansas Supreme Court Rule 183(j)?*

Cochran next argues that the district court's order denying his motion violated Rule 183(j) because it did not address any of the issues he raised in his motion besides his claim of actual innocence. The State responds that the district court did not violate Rule 183(j) because Cochran did not object that the district court's findings of fact and conclusions of law were inadequate; and because the motion's untimeliness is a procedural bar, the district court had no need to address the merits of Cochran's motion.

8

When ruling on a 60-1507 motion, "[t]he court must make findings of fact and conclusion of law on all issues presented." Supreme Court Rule 183(j) (2024 Kan. S. Ct. R. at 242). Whether the district court's findings of fact and conclusions of law comply with Rule 183(j) is a question of law that we review de novo. *Requena v. State*, 310 Kan. 105, 110, 444 P.3d 918 (2019). The purpose of this rule is to ensure appellate courts can conduct a meaningful review of the district court's 60-1507 order. "Without explicit district court findings and conclusions on the specific issues raised by the movant, it is difficult if not impossible for this court or the Supreme Court to evaluate whether the motion should have been granted or denied." *Harris v. State*, 31 Kan. App. 2d 237, 239, 62 P.3d 672 (2003).

Below, Cochran made no objection to the district court that its order lacked adequate findings. "[P]arties have an obligation to object to inadequate fact-findings and legal conclusions to preserve issues for appeal. Where no objection is made, we presume the trial court found all the facts necessary to support its judgment. [Citations omitted.]" *State v. Martin*, 318 Kan. 538, 559, 544 P.3d 820 (2024).

Still, "we may consider a remand for additional fact-findings and legal conclusions if the district court's ruling is inadequate to disclose the controlling facts or basis for the court's findings." *Martin*, 318 Kan. at 559. Yet here, the district court's reasons for denying Cochran's motion are clear. It expressly found that the motion was untimely, that Cochran gave no reason for having filed his motion so late, and that Cochran made no successful claim of actual innocence to excuse its untimeliness. Thus, the district court found Cochran's motion was untimely and he did not overcome the procedural bar by establishing manifest injustice. Cochran did not object to these findings as inadequate. Because the motion was procedurally barred, the district court did not need to consider the substance of Cochran's motion.

Affirmed.